

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| JERRY LEE ROSS,<br>　　　　Plaintiff,<br><br>NORTH CAROLINA DEPARTMENT OF REVENUE,<br>　　　　Defendant. | §<br>§<br>§　CIVIL ACTION NO. 0:18-836-MGL<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
DISMISSING THE COMPLAINT WITHOUT PREJUDICE
AND WITHOUT ISSUANCE AND SERVICE OF PROCESS,
AND RENDERING AS MOOT PLAINTIFF'S MOTIONS**

This action involves a tax dispute between Plaintiff Jerry Lee Ross (Ross) and Defendant North Carolina Department of Revenue (NCDR). Ross claims the Court has federal question jurisdiction over the matter pursuant 28 U.S.C. § 1331. He is proceeding pro se.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting (1) Ross's complaint be dismissed without prejudice and without issuance and service of process and (2) his motion in limine and motion for a preliminary injunction be rendered moot. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 13, 2018, and the Clerk of Court filed Ross's objections on September 27, 2018. The Court has reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

Ross makes seven objections to the Report. First, he objects to the Magistrate Judge's statement his "complaint fails to establish any viable ground for federal subject matter jurisdiction under 28 U.S.C. § 1331." Report 5. Ross appears to contend his claim of a "[v]iolation of right to earn a fair wage" amounts to a colorable claim under the Court's § 1331 jurisdiction. It does not. Therefore, the Court will overrule this objection.

Second, Ross objects to the Magistrate Judge's conclusion "[t]he allegations of [his] complaint do not reference a violation of any federal statute or constitutional provision by {NCDR], nor is any type of federal question jurisdiction otherwise evident from the face of the complaint." Report 5. According to Ross, however, "there are several federal question jurisdictions evident from the face of the complaint. . . . [including,] [v]iolation of right to earn a fair wage, paper terrorism (18 U.S. CODE CHAPTER 113B § 2332d–Financial transactions) and violation of due process." Objections 2.

As to Ross's fair wage claim, as noted above, there is no viable federal cause of action for a "violation of right to earn a fair wage" here. Regarding his paper terrorism claim, that term generally refers to the harassment by sovereign citizens of courts and government agencies with numerous frivolous and sometime fraudulent filings. *Gravatt v. United States*, 100 Fed. Cl. 279, 283

n.2 (2011). And, the statute Ross lists in reference to paper terrorism is inapplicable. *See* 18 U.S.C. § 2332d ("Except as provided in regulations issued by the Secretary of the Treasury, in consultation with the Secretary of State, whoever, being a United States person, knowing or having reasonable cause to know that a country is designated under section 6(j) of the Export Administration Act of 1979 . . . as a country supporting international terrorism, engages in a financial transaction with the government of that country, shall be fined under this title, imprisoned for not more than 10 years, or both.").

The mere listing of federal statutes and the constitution is insufficient to trigger the Court's federal question jurisdiction. Accordingly, "[a] claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).

Concerning Ross's due process claim, "the Tax Injunction Act [TIA], 28 U.S.C. § 1341, precludes this [C]ourt from exercising jurisdiction over [his] [due process] claim[ ]." Report 6. For all these reasons, the Court will overrule this objection, too.

Third, Ross contends the Magistrate Judge erred by failing to conclude his claims of "Privacy breach and confidentiality" and "Invasion of Privacy" provide the basis for the Court's federal question jurisdiction. But, these are state claims, not federal questions. Hence, the Court will overrule this objection as well.

Fourth, Ross maintains the Magistrate Judge failed to mention any of his federal causes of action when she stated his "complaint references state law causes of action, including slander, negligence, fraud and other intentional tort claims." Report 5. The Court has already addressed the

3

federal claims Ross listed at the beginning of Ross's complaint and need not do so again here. Suffice it to say the Court will also overrule this objection.

Fifth, Ross takes issue with the Magistrate Judge's suggestion "the [TIA], 28 U.S.C. § 1341, preludes this [C]ourt from exercising jurisdiction over [his] claims." Report 6. According to Ross, "[j]ust one day in court will determine if there was a violation of confidentiality and privacy breach, violation of right to earn a fair wage, violation of due process (which are civil rights violations) or other allegations mentioned has taken place." Objections 5.

To summarize, Ross's claims of a violation of confidentiality and privacy breach are state law claims, his violation-of-right-to-earn-a-fair-wage claim is not viable, and his due process claim is foreclosed by the TIA. Accordingly, the Court will overrule this objection, too.

Sixth, Ross claims the Magistrate Judge erred in asserting his "complaint fails to demonstrate sufficient facts to satisfy the requirements of 28 U.S.C. 1332 for diversity jurisdiction, as he and [NCDR] are both North Carolina citizens." According to Ross, "the complaint also points to the allegation of United States mail that was unlawfully opened to get a levy on [him] which was never owed. If it happened on U.S. soil than the courts have jurisdiction in this case. In the report and recommendation, the topic of unauthorized mail that was opened is not found anywhere."

But, "there is no private right of action under criminal statutes pertaining to mail tampering." *Whitney v. U.S. Postal Serv.*, 101 F.3d 686 (2d Cir. 1996). Even if there were, however, it would not do anything to satisfy the requirement of section 1332 that the parties must be diverse. Therefore, the Court will also overrule this objection.

And seventh, Ross maintains "everything that the complaint is clearly focused on should have been mentioned[ ]" in the Report Objections 7. Because, according to Ross, the Report failed to address all the substantive matters in his complaint, it is inaccurate.

The Court has made a de novo review of the entire record in this case and has determined the Magistrate Judge's Report is both comprehensive and well-reasoned. Ross's claim to the contrary has no merit. Consequently, the Court will overrule this objection, too.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Ross's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court Ross's complaint is **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process. Therefore, his motion in limine and motion for a preliminary injunction are **RENDERED MOOT**.

**IT IS SO ORDERED**.

Signed this 22nd day of October, 2018, in Columbia, South Carolina.

                                          s/ Mary Geiger Lewis
                                          MARY GEIGER LEWIS
                                          UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to the Federal Rules of Appellate Procedure.